IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


SOUTHWEST CENTER FOR BIOLOGICAL
DIVERSITY and Dr. ROBIN SILVER,

        Plaintiffs,

   vs.                                   CIVIL NO.  99-519 LFG/LCS-ACE

DEPARTMENT OF INTERIOR; BRUCE BABBITT,
in his official capacity as Secretary; and JAMIE
RAPPAPORT CLARK, in her official capacity as
Director of U.S. Fish and Wildlife Service,

        Defendants.


## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO CONSOLIDATE

      THIS MATTER is before the Court on Plaintiffs' Motion to Consolidate With Related Case

(Case No. 98-769 M/JHG-ACE)[Doc. 18].[1]  The motion is opposed.  Following a review of the

briefs, the Court concludes that oral argument is not necessary.

      SWCBD is a non-profit corporation actively involved in species and habitat protection issues

in the American southwest and in northern Mexico.  In a prior lawsuit, Southwest Center for

Biological Diversity v. Clark, CIV No. 98-769 M/JHG-ACE, SWCBD brought an action against

Jamie Rappaport Clark, the Director of the U.S. Fish and Wildlife Service, and against the Secretary

of the Department of Interior, Bruce Babbitt, seeking to compel defendants to re-designate critical

---

     [1] The motion is filed by both Southwest Center for Biological Diversity ("SWCBD") and Dr. Robin
Silver.  For simplicity, the Court will refer only to the lead Plaintiff, SWCBD.

habitat for two endangered fish species, the spikedace and loach minnow.[2] SWCBD contended that defendants' failure to re-designate critical habitat constituted a violation of the Endangered Special Act ("ESA"), 16 U.S.C. § 1531 *et. seq.*

SWCBD contended that the spikedace and loach minnow occupied habitat in the Verde, Agua Fria, Salt, San Pedro, San Francisco and Gila river systems, but, at the time SWCBD filed its complaint seeking declaratory and injunctive relief, the spikedace occupied no more than six percent of its historic range and the loach minnow less than fifteen percent of its historic range. SWCBD alleged that the distribution and numbers of both species of fish had been decreased by habitat destruction through damming, channel alteration, riparian destruction, channel down cutting, water diversion, ground water pumping, and introduction of exotic predatory and competitive species into the minnows' historic range. SWCBD contended that defendants had not established critical habitat for either species and had taken no steps towards a designation of such habitat in violation of the Endangered Species Act.

The similarities in the present case include the parties and the same contentions that Defendants failed to designate critical habitat, that is, specific areas essential to the conservation of the species. There are differences between the two lawsuits. The present case does not involve fish, but fowl. Specifically, the Mexican Spotted Owl. Further, the critical habitat areas are different. SWCBD alleges that the critical habitat for the Mexican Spotted Owl is predominately old-growth forest, especially on steep slopes and rocky cliff canyons. Its traditional range is alleged to be the southern Rocky Mountains in Colorado and the Colorado plateau toward southern Utah, and south

---

[2] As in the present case, SWCBD was not the sole plaintiff, but is considered the lead plaintiff. Therefore, for simplicity, the Court will refer to SWCBD as the Plaintiff in the prior litigation.

through Arizona and, ultimately, to New Mexico.  Finally, the third difference is the most significant.
The present case is in its infancy, while the prior case has been fully adjudicated.

## Consolidation

The Federal Rules of Civil Procedure provide that when actions pending before the court
share common issues of law or fact, the court can consolidate the actions either completely or for
limited proceedings.  Fed. R. Civ. P. 42(a).  A request to consolidate is directed to the court's sound
discretion.  Young v. City of Augusta ex rel. Devaney, 59 F.3d 1160, 1168 (11th Cir. 1995).
Consolidation is intended to promote judicial convenience, reduce litigation costs, avoid delays, or
minimize prejudice to the parties.  Arnold v. Eastern Air Lines, Inc., 681 F.2d 186 (4th Cir. 1982).
See also Daniels v. Loizzo, 178 F.R.D. 46 (S.D. N.Y. 1998)(district court has broad discretion to
order separate trials under Rule 42(b) in order to (1) promote convenience, (2) expedite the
proceedings, or (3) avoid unfair prejudice to a party.).

SWCBD argues that the issues in this case are identical, that is, Defendants' alleged failure
to designate critical habitat.  SWCBD concedes, however, that the first case has already proceeded
through final disposition.  Senior Judge Mechem, the judge assigned to the initial case, issued a final
judgment on September 20, 1999, fully and finally disposing of that litigation.[3]  SWCBD contends
that the due to the similar issues, the present case should be consolidated with the prior case and both
assigned to Senior Judge Mechem.

The Court disagrees.  Consolidation under Rule 42(a) is appropriate when separate pending
actions are before a court and share common issues of law and fact.  For all intents and purposes, the
prior case 98-769 M is no longer pending.  A memorandum opinion and order was entered by Senior

---

[3] The sole remaining issue in the prior litigation is a request for an award of costs and fees.

Judge Mechem in August 1999 and Judge Mechem entered a final judgment in favor of SWCBD on September 20, 1999 [CIV. 98-769, Doc. 59]. There is nothing to consolidate. The prior lawsuit was fully resolved, excepting SWCBD's application for costs and fees.

Consolidation serves no useful purpose in the present case. It will not expedite the present litigation; it will not reduce the costs of the present litigation; and it will not promote judicial economy. Indeed, the only effect of consolidation would be to delay final disposition of the prior litigation.

SWCBD's motivation in seeking a consolidation is also questioned. The present litigation was filed on May 6, 1999 and there was no attempt to consolidate the present litigation with the then pending prior litigation. Indeed, it was not until Judge Mechem issued his decision in favor of SWCBD that it sought consolidation. Thus, it appears that the motivation is to "judge shop" and to move a case with a similar issue to a judge who has ruled favorably on that issue in a prior case. That is not a proper basis for consolidation and does not accomplish the salutory purposes of Rule 42. Moreover, such a practice would be improper.

The Court determines that Plaintiffs' motion is not well-taken and is denied.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEYS FOR PLAINTIFFS:
David L. Plotsky, Esq.
Neil Levine, Esq.

ATTORNEY FOR DEFENDANTS:
John W. Zavitz, Esq.