IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOUTHWEST CENTER FOR BIOLOGICAL
DIVERSITY and Dr. ROBIN SILVER,

          Plaintiffs,

vs.                                        CIVIL NO. 99-519 LFG/LCS-ACE

DEPARTMENT OF INTERIOR; BRUCE BABBITT,
in his official capacity as Secretary; and JAMIE
RAPPAPORT CLARK, in her official capacity
as Director of U.S. Fish and Wildlife Service,

          Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR INTERVENTION

THIS MATTER is before the Court on proposed intervenor Catron County Board of County Commissioners' ("Catron") Motion for Intervention [Doc. 20]. Plaintiffs, Southwest Center for Biological Diversity ("SWCBD"), and Dr. Robin Silver oppose the motion. Oral argument is not necessary. This matter may be resolved on the parties' submissions.

### Background

SWCBD is a non-profit corporation actively involved in species and habitat protection issues in the American Southwest and in Northern New Mexico. Dr. Robin Silver is a photographer, amateur biologist and naturalist who's active in efforts to protect the Mexico Spotted Owl. In May 1995, Plaintiffs filed suit to compel Defendant, U.S. Fish and Wildlife Service ("FWS"), to designate critical habitat for the Mexican Spotted Owl as required by the Endangered Species Act, 16 U.S.C. § 1531 *et seq.* (1990). As part of their requested relief, Plaintiffs also sought preliminary and permanent injunctive relief compelling FWS to protect all habitat of the Mexico Spotted Owl.

The issue before the Court is not whether the Spotted Owl should be listed as threatened. Indeed, that listing occurred in 1993 pursuant to Section 4 of the Endangered Species Act, 16 U.S.C. § 1533. Rather, the key issue in this case concerns the time frame within which FWS is required to act.

Catron is a body politic and political subdivision of the State of New Mexico. It is a county established by New Mexico statutes, N.M.S.A. 1978 § 4-2-1, and has legal authority over and responsibility for the health, safety and welfare of its citizens. See generally N.M.S.A. 1978, Ch. 4 ("Counties - Powers and Duties"). Catron owns large parcels of land immediately adjoining or abutting the proposed critical habitat and also owns roads and improvements within the proposed critical habitat area. It derives revenues from the use of lands located within the critical habitat and has a significant interest in protecting the quality of the environment within its borders. It appears to the Court that Catron falls within the "zone of interest" of the Endangered Species Act and the National Environmental Policy Act ("NEPA"). 42 U.S.C. § 4321 *et seq.*

Catron argues that an extensive portion of the Mexican Spotted Owl's habitat is located within Catron's borders and, therefore, the citizens of Catron County and their livelihoods would be affected by the critical habitat designation. Clearly, the designation of critical habitat in an area has a significant effect on the species to be protected, the environment, and on the citizens whose lives are impacted by the designation. With a critical habitat designation, the FWS will determine that certain activities are prohibited, including logging, timber harvest, tree density control, disease suppression activities, snag removal, livestock grazing, fire suppression activities, use of chemical fire retardants, oil, gas and mining activities, sand and gravel extraction, military maneuvers, road construction, utility transmission line construction, and even restrictions on recreational use, such as

2

skiing and camping. 60 Fed. Reg. 29933 (1995). Thus, the prohibitions that are part and parcel of a critical habitat designation will significantly affect Catron and its citizens.

Catron contends that the present parties are not able to protect its unique interests. Indeed the interests of SWCBD may be contrary to Catron's interests. So, too, with Defendants. The very act of critical habitat designation by the present Defendants contravenes Catron's interests. Thus, it is not likely that the present parties will adequately represent Catron's interests.

Plaintiffs oppose Catron's motion to intervene. They argue that Catron does not have a significant protectable interest in this litigation because the only issue is when critical habitat is designated, not whether it will be designated.

Plaintiffs also argue that Catron has not demonstrated any legally protectable interest that would be impaired or impeded. The Court rejects this argument in light of the Plaintiffs' own allegations. SWCBD identifies itself as a non-profit corporation, "dedicated to the preservation, protection, and restoration of bio-diversity, native species, ecosystems and public lands in the Southwest." If SWCBD's interest in preserving, protecting and restoring public lands was, among others, sufficient to give it standing to bring this action, how can Catron County's interest in preserving, protecting and restoring public lands be any less significant? Similarly, Plaintiff Dr. Robin Silver's interests are as a commercial wildlife photographer, an amateur biologist and naturalist, and a leader in efforts to protect the Southwest's native ecosystems. As evidence of his interests in this litigation, Dr. Silver states in the complaint that he is the individual who filed the formal petition that resulted in the listing of the Mexican Spotted Owl as a threatened species, he and has worked to preserve the Owl and its habitat. Both Plaintiffs assert that they and their members "derive scientific, recreational, health, conservation, spiritual, and aesthetic benefits from the preservation, protection

and restoration of the Mexican Spotted Owl's current and potential habitat." These are all significant and laudatory reasons authorizing Plaintiffs to participate in this litigation. These interests differ little from Catron's own assessment that it, too, has for many years been a full participant in federal agency planning processes and litigation concerning the Mexican Spotted Owl. It manages property that is included within and around the critical habitat area; it derives income from the area; it has legal obligations concerning construction and maintenance of roads in the area; its citizens use the public lands that will be designated as critical habitat; and it has obligations to oversee land use, including recreational, commercial and residential development.

It can hardly be argued that Catron County citizens do not derive the same "scientific, recreational, health, conservation, spiritual and aesthetic benefits" from the areas affected by the critical habitat designation as do Plaintiffs. Catron's citizens have no less interest in these areas than do Plaintiffs.

Catron's application is timely and will not delay the ultimate disposition of this litigation. Indeed, the presence of another voice may be beneficial to resolving this litigation.

For all these reasons, the Court determines that Catron established its right to intervene pursuant to Rule 24(a)(2) and, accordingly, Catron's Motion for Intervention is granted.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEYS FOR PLAINTIFFS:
David L. Plotsky, Esq.
Neil Levine, Esq.

ATTORNEY FOR DEFENDANTS:
John W. Zavitz, Esq